## PEOPLE v. PAUL F. BAKER.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SAVING QUESTION FOR REVIEW.

    The inherent power of an appellate court to prevent fundamental injustice is not limited by what appellant is entitled to as a matter of right, and the court will exercise its prerogative of searching for error which reflects clear injustice, even when questions were not preserved for appeal by making objections at trial (GCR 1963, 507.5).

2. EVIDENCE—POLYGRAPH TEST—ADMISSIBILITY.

    The results of a polygraph test are not admissible into evidence, nor are the conclusions of the person administering the test admissible.

3. SAME—POLYGRAPH TEST—MAKING—TESTIMONY.

    The fact that a polygraph test of a witness was made *held*, inadmissible.

4. SAME—POLYGRAPH TEST—MAKING—TESTIMONY—OBJECTION.

    Reference to the fact that a polygraph test of a witness was made should be excluded upon proper objection.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 548, 549.
[2-7] 29 Am Jur 2d, Evidence § 831.
  Physiological or phycological truth and deception tests. 23 ALR2d 1306.
[8] 53 Am Jur, Trial §§ 31-33.
  Prejudicial effect of improper failure to exclude from courtroom or to sequester or separate state's witnesses in criminal case. 32 ALR2d 358.
Exclusion of public during criminal trial. 48 ALR2d 1436.
[9, 10] 53 Am Jur, Trial §§ 83, 470, 699-701.
  Comment on accused's failure to testify, by counsel for codefendant. 1 ALR3d 989.
  Right of accused to instruction that his failure to testify shall not be taken against him. 84 L ed 261.
[11] 53 Am Jur, Trial §§ 937-940.

5. SAME—POLYGRAPH TEST—REFERENCE—JURY INSTRUCTION.

The court should instruct the jury as to the unreliability of polygraph if evidence of the fact that such a test of a witness was made is admitted or if improper argument about it be made even though no objection to either be interposed.

6. CRIMINAL LAW—POLYGRAPH TEST—REFERENCE—ADMISSIBILITY.

Answer of witness at trial for committing an act of gross indecency, to question "when did you admit this?", "went up and took a polygraph test," was not responsive and should have been stricken, because it did not relate necessarily to the time of the admission, but failure to strike it *held*, not reversible error when subsequent cross-examination established that the answer did relate to time (CLS 1961, § 750.338).

7. SAME—POLYGRAPH TEST—SAVING QUESTION FOR REVIEW.

References to a polygraph test of witness in prosecution for committing an act of gross indecency *held*, not reversible error, where no objection saving the question for review as to materiality of the fact that such a test had been made was interposed (CLS 1961, § 750.338).

8. WITNESSES—EXCLUSION FROM COURTROOM—REMAINING WITNESS—TESTIMONY—DISCRETION OF COURT.

Admission of testimony of a witness who had remained in the courtroom during the testimony of defendant's only witness in a criminal trial, after court at beginning of trial had granted defendant's motion to exclude from the courtroom all witnesses who would be testifying, was a matter within the discretion of the court.

9. CRIMINAL LAW—NEGLECT OF DEFENDANT TO TESTIFY.

The defendant in a criminal case is not required to testify in his own behalf, and his neglect to testify shall not create any presumption against him (CLS 1961, § 600.2159).

10. SAME—DEFENDANT'S FAILURE TO TESTIFY—COMMENT.

Final argument of prosecutor in prosecution for committing an act of gross indecency, in which he commented that only two people (meaning complaining witness and defendant) knew what happened on the night in question, one of them had testified, and his testimony had not been refuted, *held*, cured of potential prejudice by the clear and full coverage of the point in instructions to the jury (CLS 1961, §§ 600.2159, 750.338).

11. SAME—TRIAL—TESTIMONY—READING JUDGE'S NOTES TO JURY.

Reading by trial court from his notes when the jury asked that testimony of complaining witness be read to them, after attor-

neys for prosecution and defense had agreed that judge might give a summary of the testimony from his notes, *held,* not error.

Appeal from Lenawee; Martin (Rex B.), J. Submitted Division 2 December 6, 1966, at Lansing. (Docket No. 2,223.) Decided August 1, 1967. Leave to appeal denied April 16, 1968. See 380 Mich 766.

Paul Francis Baker was convicted of committing an act of gross indecency. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney, for the people.

*Gregory J. Forsthoefel,* for defendant.

T. G. KAVANAGH, J. Appellant, an adult male, and John Dale Martin, a 15-year-old boy, were friends and "shirttail" relatives. As such, they spent some time together. Appellant gave John several small articles, including a watch and a transistor radio. He also financed the purchase of a Honda motorcycle for John.

John had on occasion stayed overnight at the apartment of appellant and on one of these occasions, on or about August 28, 1965, allegedly appellant and John Dale Martin, at appellant's encouragement and threats, committed an act of gross indecency[1] with each other. Appellant denied that such act took place.

In September, 1965, John Dale Martin was stopped for operating a Honda without a license and although the record does not disclose the connection, he was questioned with reference to the above activities. After three such interrogations, at dif-

---

[1] CLS 1961, § 750.338 (Stat Ann 1954 Rev, § 28.570).

ferent times, John admitted the alleged act of gross indecency.

Appellant was brought to trial on the charge of gross indecency, found guilty by a jury, and sentenced to 3 to 5 years in prison. He raises four questions on appeal:

1. Did the trial court err in admitting the testimony of a witness who was present during the testimony of other witnesses, after the court had ordered that all witnesses be excluded when testimony was offered into evidence?

2. Did comments by the prosecutor during his closing argument infringe appellant's right not to testify in his own behalf?

3. Did reference to a polygraph test in the testimony and in the final argument of the prosecutor prejudice appellant's right to a fair trial and impartial trial?

4. When the jury, during its deliberations, asked that the testimony of John Dale Martin be read back to them, did the court err in reading from its notes instead of waiting for a transcript of the testimony to be prepared?

Defendant acknowledges that the alleged errors were not objected to at trial, but he asserts that this does not preclude their being raised here for the first time. It is a settled rule that if appellant fails to raise a proper objection to alleged errors at trial, he is not entitled to raise them on appeal for the first time. See *People v. Borowski* (1951), 330 Mich 120; *People v. Martin* (1965), 1 Mich App 265. Although our Court Rules have abolished the necessity of a formal exception to rulings and orders of the court, it is still necessary to make objections at trial to preserve questions for appeal. GCR 1963, 507.5. See 2 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), p 395.

However, this Court, in observing this general rule, will exercise its "prerogative of searching for error which reflects clear injustice." *People* v. *Hicks* (1966), 2 Mich App 461, 463. "The inherent power of this Court to prevent fundamental injustice is not limited by what appellant is entitled to as a matter of right." *People* v. *Dorrikas* (1958), 354 Mich 303, 316.

We think that appellant's third question, relating to references to a polygraph test, merits examination although no objection was made at trial. On cross-examination John Dale Martin testified in response to questions by appellant's counsel that on the occasions when he was interrogated by the police he had denied having an indecent association with appellant. Counsel then asked him, "When did you admit this?" He answered, "Went up and took a polygraph test." Counsel asked that this answer be stricken as unresponsive. The court ruled that it was "a response" and let the answer stand.

We believe the answer was not responsive and should have been stricken because it did not relate necessarily to the time of the admission. However we do not regard this as reversible error in view of the fact that subsequent cross-examination established the fact that the answer did relate to time.

In his closing argument the prosecutor commented upon appellant's emphasis on John's denials to the police:

"Mr. Jameson [appellant's counsel] doesn't like to bring out the fact that his story was changed by John Martin as he told you, when arrangements were made for the polygraph. This is when his story changed. This is important."

It is well settled in this State that the results of a polygraph test are not admissible into evidence.

See *People* v. *Becker* (1942), 300 Mich 562. Neither are the conclusions of the person administering the test admissible. See *People* v. *Welke* (1955), 342 Mich 164. However, so far as we can determine, the question whether the fact that a polygraph test has been made is admissible has not been passed upon. We hold that because the results of a polygraph test are incompetent evidence, the fact that such a test was made is immaterial, and reference thereto should be excluded upon proper objection. However, the objection here was that the answer was unresponsive and no objection was made to the materiality of the fact.

If evidence of the fact of a polygraph test be admitted or improper argument about it be made even though no objection to either be interposed, the court should instruct the jury as to the unreliability of such tests. Nevertheless, appellant did not request that such instructions be given and therefore cannot now complain of the court's failure to give proper instructions. *Nuccio* v. *Severini* (1965), 374 Mich 189; *Hunt* v. *Deming* (1965), 375 Mich 581. Under the circumstances, the references to a polygraph test in the record of this case do not constitute reversible error.

At the beginning of the trial the court granted appellant's motion to exclude from the courtroom all witnesses who would be testifying. The court admitted the testimony of Joseph Martin although he had been in the courtroom during the testimony of appellant's only witness. Admission of this testimony was a matter within the discretion of the court. *People* v. *Piper* (1897), 112 Mich 644; *People* v. *Marthinson* (1926), 235 Mich 393. We do not find an abuse of this discretion in the case.

The defendant in a criminal case is not required to testify in his own behalf, and his neglect to tes-

tify shall not create any presumption against him.
The court shall not permit any reference to or comment upon such neglect.   CLS 1961, § 600.2159
(Stat Ann 1962 Rev § 27A.2159).   In his final argument the prosecutor said:

"Now, only two people know what happened on
this particular night.  One of them testified.  * * *
"His testimony has not been refuted."

Appellant claims that this argument infringes
his rights under the statute.  The court clearly and
fully covered this point in its instructions to the
jury, and any potential prejudice was cured thereby.  See *People* v. *Parker* (1943), 307 Mich 372.

We do not think that under the circumstances it
was error for the court to read from its notes when
the jury asked that John Dale Martin's testimony
be read to them.   The record shows that counsel
for both sides joined the judge in chambers to discuss this matter.   When they returned the judge
announced that both attorneys had agreed that the
judge might give a summary of the testimony from
his notes.

Moreover, as to these last three questions, appellant had ample opportunity to raise objections
before the trial court and his failure to do so precludes him from seeking reversal of the judgment
of that court.

Judgment affirmed.

J. H. GILLIS and McGREGOR, JJ., concurred.