## PEOPLE v. TYRER

1. EVIDENCE—POLYGRAPH TEST—ADMISSIBILITY.

The results of polygraph tests are inadmissible as evidence in a criminal prosecution and admission of testimony regarding refusal to take a polygraph test constitutes a reversible error even where the jury is provided with cautionary instructions, but an officer's testimony at trial that defendant, charged with second-degree murder, had stated that she would take a polygraph test only on the advice of her attorney does not constitute reversible error where the testimony was in response to an unprejudicial question and the witness did not state that defendant had refused the test but merely that she would only take it on advice of counsel, where the court and both attorneys discussed the matter out of the presence of the jury and defense counsel waived objection and where the reference to the polygraph test was brief, inadvertent and did not have such a prejudicial effect as to constitute a miscarriage of justice (CL 1948 § 750.110).

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 831.
[2] 5 Am Jur 2d, Appeal and Error § 726.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SAVING QUESTION
    FOR REVIEW.
    The Court of Appeals will not consider allegations of error
    where no objection was raised at trial except when necessary
    to avoid a miscarriage of justice (CL 1948 § 769.26).

Appeal from Oakland, Frederick C. Ziem, J. Submitted Division 2 May 9, 1969, at Lansing. (Docket No. 5,303.) Decided August 27, 1969. Leave to appeal granted March 19, 1970. See 383 Mich 773.

Valerie Tyrer was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Smith & Magnusson,* for defendant.

Before: LESINSKI, C. J., and QUINN and DANHOF, JJ.

LESINSKI, C. J. Defendant Valerie Tyrer was convicted by jury of manslaughter (CL 1948, § 750.321 [Stat Ann 1954 Rev § 28.553]), and appeals.

On appeal, defendant contends that she was denied a fair trial due to admission into evidence of a police officer's testimony regarding a polygraph examination. In the presence of the jury the police officer testified as follows:

*"Question:* What did she tell you then?
*"Answer:* I asked Mrs. Tyrer if she could recall any of the events of the evening any clearer at that time, and she said, 'No, not really'. I asked her if

she recalled the stabbing, and she said she hadn't. I also asked her if she would submit to a polygraph examination, and she said only on the advise of an attorney.

"*Question:* Let's have no further mention of that, officer."

Subsequent to this conversation, the jury was excused and the following conversation occurred between the prosecutor, defendant's counsel and the court:

"*Mr. Paige:* If the court please, I just want to make clear, I think it was just a misunderstanding and mistake on the part of Detective St. Souver and myself that the word 'polygraph' was stated.

"*Mr. Smith:* I am not making a technical objection, I cautioned counsel to caution his witness. I didn't want a mistrial in this case.

"*The Court:* Certainly any mention of polygraph would produce error in this case. You must be careful. Apparently defense isn't raising it. You have to be very, very careful; when you're mentioning polygraph it would be error."

The Michigan Supreme Court in *People* v. *Frechette* (1968), 380 Mich 64, indicated that the results of a lie-detector test are inadmissible in evidence in a criminal prosecution. See, also, *People* v. *Becker* (1942), 300 Mich 562; and *People* v. *Davis* (1955), 343 Mich 348. Similarly, the *Frechette* Court suggested, in citing *State* v. *Britt* (1959), 235 SC 395 (111 SE2d 669), that admission of testimony regarding refusal to take a polygraph test constitutes reversible error even though the jury is provided cautionary instructions.

Despite the inadmissibility of testimony regarding the results of or the refusal to submit to a polygraph, this Court has followed the rule that it will not reverse a case on appeal where no objec-

tion has been raised in the trial court, except where necessary to avoid a miscarriage of justice. See *People* v. *Paul F. Baker* (1967), 7 Mich App 471. See, also, CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).[1]

In the instant case the police officer responded to a nonprejudicial question of the prosecution by reference to a polygraph. There was no testimony to the effect that defendant refused to take the test. The only testimony we have is that she said she would take it on the advice of counsel. The jury was excused immediately following the reference and defendant's counsel stated that he would not make an objection and did not want a mistrial. Defendant, through her counsel, clearly was aware of possible error but chose to expressly waive any objection and proceed before the same jury. Under such circumstances and considering that the reference to a polygraph was brief and inadvertent, we do not find the reference to have such a prejudicial effect, if any, as to constitute a miscarriage of justice.[2]

This Court has considered the Supreme Court's citation in the *Frechette Case, supra,* indicating approval of *State* v. *Driver* (1962), 38 NJ 255 (183 A2d 655). In *Driver,* the New Jersey Supreme Court reversed the defendant's conviction on the basis of a reference to refusal to take a polygraph, despite defendant's failure to object at the time of trial. However, the *Driver Case* is unlike the instant case because in *Driver* the prosecutor with "prejudicial overzealousness" beginning with his opening statement and continuously throughout the trial made statements and introduced testimony re-

---

[1] See, generally, *People* v. *Hartwick* (1967), 8 Mich App 193; *People* v. *McLaughlin* (1966), 3 Mich App 391.

[2] See, generally, *People* v. *David Smith* (1969), 16 Mich App 198.

garding defendant's refusal to take a polygraph test. Therefore, the admission of evidence of refusal to submit to a polygraph was clearly prejudicial in *Driver,* while in the instant case no such prejudicial effect is demonstrated.[3]

Defendant also contends that the trial court erred in denying her motion to quash the charge of second-degree murder (CL 1948, § 750.317 [Stat Ann 1954 Rev § 28.549]), because the evidence did not prove the element of malice. Further, she contends that there was insufficient evidence to support the charge of manslaughter. We disagree with both of these contentions. Upon a review of the record we conclude that sufficient evidence was presented from which a jury could conclude that defendant was guilty beyond a reasonable doubt of either second-degree murder or manslaughter. There is sufficient circumstantial evidence to raise an issue of fact regarding the existence of malice.[4] The trial court did not err in charging the jury as to second-degree murder and manslaughter.

Affirmed.

All concurred.

---

[3] In *Frechette,* clear prejudice was evidenced in the extensive testimony regarding the reliability of a lie detector test, the testimony of an expert that defendant had been given a lie-detector test and in the expert's statement that he had formed an opinion regarding the truthfulness of defendant's answers. At this point, objection was made by defense counsel and the trial court ruled that evidence regarding the polygraph test was inadmissible.

[4] For example, medical evidence regarding the angle of the wound and the force involved in the stabbing suggests that malice was involved. Similarly, defendant's malice is suggested in a police officer's testimony that defendant stated: "He's been pushing me around long enough, I couldn't take it any more".