PEOPLE v PEACE

1. FORGERY—UTTERING AND PUBLISHING—MONEY ORDER.

A money order not drawn on a bank, which contains an unconditional order to pay a sum certain on demand to the order of a specified person is a draft or bill of exchange and cannot be classified as a bank note or bank bill which is a promissory note of an incorporated bank payable to the bearer on demand, intended to circulate as money for an indefinite period; therefore, a defendant who cashed a stolen money order was properly charged with uttering and publishing a forged instrument, rather than uttering and publishing a bank bill or note (MCLA 440.3104, 750.249, 750.253).

2. FORGERY—UTTERING AND PUBLISHING—SENTENCES.

The statutory scheme of imposing different maximum sentences for the crime of uttering and publishing different classes of documents or instruments does not violate the equal protection of the law (MCLA 750.248, 750.249, 750.253).

3. FORGERY—STATUTES—MONEY ORDERS—UTTERING AND PUBLISHING.

A prosecutor is not at liberty whimsically and capriciously to choose between the crimes with which to charge a defendant accused of uttering and publishing a forged money order because a document or instrument which has been forged or uttered and published must fall into either one or the other of the statutory classifications of bank bill or other type of instrument and cannot fit into both (MCLA 750.248, 750.249, 750.253).

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—PRESERVING QUESTION.

The Court of Appeals will not entertain allegations of erroneous jury instructions where no timely objection to those instruc-

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 36 Am Jur 2d, Forgery § 20.
[2] 36 Am Jur 2d, Forgery § 53.
[4] 53 Am Jur, Trial § 554.
[5] 36 Am Jur 2d, Forgery §§ 44–46, 48.
[6] 53 Am Jur, Trial § 637.

tions was interposed before the jury retired to consider its
verdict, absent a showing of manifest injustice.

5. FORGERY—UTTERING AND PUBLISHING—EVIDENCE—SUFFICIENCY.

There was sufficient evidence, if believed by the jury, to find the
defendant guilty beyond a reasonable doubt of either passing or
aiding and abetting in the passing of a forged instrument as
genuine, knowing the same to be false, with intent to injure or
defraud, and the Court of Appeals will not disturb the jury's
verdict where the evidence adduced at trial was: that the
money order in question was forged; that two parties were at
the scene of the crime, one waiting in an automobile while the
other cashed the money order; that the license plates on the
vehicle were found to be issued to the defendant; and that a
fingerprint expert testified that he found two of the defendant's
prints on the money order.

6. CRIMINAL LAW—ARGUMENT OF COUNSEL—PROSECUTOR'S REMARKS.

It is not error for the prosecutor to state that the evidence is
uncontradicted where no evidence is presented at trial to
support the defendant's denial of the offense.

Appeal from Grand Traverse, James R. Rood, J.
Submitted Division 3 March 9, 1973, at Grand
Rapids. (Docket No. 14060.) Decided June 27, 1973.

Frank Peace was convicted of uttering and pub-
lishing a forged instrument. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Michael J.
Houlihan,* Prosecuting Attorney (Prosecuting At-
torneys Appellate Service, *Thomas R. Lewis,* Direc-
tor [by *James D. Hunter],* of counsel), for the
people.

*Michael C. Moran,* Assistant State Appellate
Defender, for defendant.

Before: R. B. BURNS, P. J., and T. M. BURNS and
PETERSON,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

T. M. BURNS, J. The defendant was convicted by a jury of uttering and publishing pursuant to MCLA 750.249; MSA 28.446. He was sentenced to a term of from 3 to 14 years imprisonment and appeals.

At trial the evidence revealed that in August of 1970 a man cashed a $100 Travelers Express money order at a party store in Traverse City, Michigan. As the man left the store with the money, the proprietor followed him to the door and saw him get into the passenger side of a waiting automobile. The proprietor wrote the vehicle's license plate number on the back of the money order. Subsequently the money order was returned marked "Payment Refused, Money Order Stolen". The police were notified. A vehicle check indicated that the license plate number written on the reverse side of the money order had been issued to the defendant. In addition a state police fingerprint expert testified that he compared the defendant's fingerprints with two latent prints found on the money order and concluded that the defendant had at some time touched the money order. It should also be noted at this point that the owner of the party store could not identify the defendant as being the person who cashed the money order.

After the people had rested, defense counsel waived the opening statement and presented no proofs. Based upon the evidence presented, the jury returned a verdict of guilty. Defendant raises numerous issues on appeal which will be discussed and decided in the manner presented below.

First, defendant argues that the money order in question was a bank bill or bank note and for this reason he should have been charged with uttering and publishing a bank bill pursuant to MCLA

750.253; MSA 28.450 which prescribes a maximum sentence of 5 years and that it was error to charge him under MCLA 750.249; MSA 28.446 which provides a maximum penalty of 14 years for uttering and publishing other types of forged instruments. We disagree.

A bank note or bank bill is the promissory note of an incorporated bank. It is payable to the bearer on demand and it is intended to circulate as money for an indefinite period. 9 CJS, § 185, p 398; 10 CJS, § 7, p 414. The money order at issue was not the promissory note of an incorporated bank. Moreover it was payable to the order of a specified party as opposed to being payable to the bearer and was not intended to circulate as money for an indefinite period. Therefore it is patent that the money order cannot be classified as a bank note or bank bill.

Furthermore MCLA 440.3104; MSA 19.3104 provides in pertinent part that any writing which is signed by the maker or drawer and contains an unconditional promise or order to pay a sum certain in money and is payable on demand or at a definite time and is payable to the order or to bearer is: (1) a draft [bill of exchange] if it is an order or (2) a check if drawn on a bank and payable on demand.

The money order in the case at bar was signed by an alleged drawer, it contained an unconditional order to pay a sum certain in money, *i.e.,* $100, it was payable on demand and to the order of a specified person and since the instrument was not drawn on a bank, it is our opinion that the money order was a draft or bill of exchange. Therefore, defendant was properly charged and sentenced under the provisions of MCLA 750.249; MSA 28.446.

Second, the defendant asserts that there is no rational relationship between the different classifications of instruments and documents described in MCLA 750.248; MSA 28.445 and MCLA 750.253; MSA 28.450. From this defendant argues that the disparate maximum sentences prescribed in these statutes violates the equal protection of the law. US Const Am XIV, Const 1963 art 1, § 2. We cannot agree.

In the comprehensive and well-reasoned opinion of *People v Brooks,* 43 Mich App 715; 204 NW2d 718 (1972), this Court held that there is a rational distinction between MCLA 750.249; MSA 28.446 which encompasses the forgery and the uttering and publishing of certain classes of documents executed by individuals and private companies and MCLA 750.253; MSA 28.450 which deals with the forgery on the uttering and publishing of bills and notes issued by governmental units and banking companies. Thus, the court found that the differing sentences delineated by the statutes do not violate the equal protection of the law. We find *Brooks* decisional and likewise hold that the statutory scheme of imposing different maximum sentences for the crime of forging or uttering and publishing different classes of documents or instruments does not violate the equal protection of the law.

Third, it is the position of the defendant that the statute noted above violates due process and equal protection of the law by permitting the prosecutor to arbitrarily elect between charging an accused with either a crime for providing for a fine and/or a maximum of 5 years imprisonment (MCLA 750.253; MSA 28.450) or a crime which carries a maximum of 14 years imprisonment (MCLA 750.249; MSA 28.446).

Defendant's position is untenable. A document

or instrument which has been forged or uttered and published must fall into either one or the other statutory classifications and cannot fit into both. See *People v Brooks, supra.* Therefore, the prosecutor is not at liberty to whimsically and capriciously choose between the crimes to be charged. Accordingly, we hold that there is no violation of due process or equal protection of the law under these circumstances.

Fourth, defendant alleges that the trial court erred in its instruction to the jury by permitting an innuendo to pervade the court room to the effect that defendant was a principal participant in the crime when that proposition had been withdrawn by stipulation of the parties. Defendant's claim of error is bottomed upon the following instruction:

"One of the questions for you folks to determine is whether or not under the evidence in this case the defendant was here and presented that check * * * ."

The record belies the defendant's allegation. A review of the stipulation reveals that both the prosecutor and defense counsel agreed the money order was stolen, the signature on the money order was not authorized and that the defendant did not purloin the money order. In short, the parties stipulated that the instrument was a false or forged money order. There is no indication in the stipulation that the prosecutor agreed that the extent of defendant's participation in the crime was limited to a role as an accessory to the uttering and publishing. Indeed at trial, defense counsel recognized that the defendant could be found guilty of being a principal or of aiding and abetting in the crime. This is borne out by the closing argument of defense counsel which reads:

"You as the triers of fact will be faced with the burden of being satisfied beyond a reasonable doubt that not only was a presentation [of the money order] made but that Mr. Peace [the defendant herein] was the person responsible for so doing, or in the capacity of an accomplice giving aid and support to the fact of presentation."

Moreover, absent a showing of manifest injustice, this Court will not entertain allegations of erroneous jury instructions where no timely objection to those instructions was interposed before the jury retired to consider its verdict. GCR 1963, 516.2; *People v Spaulding*, 42 Mich App 492; 202 NW2d 450 (1972), *leave to appeal denied* 388 Mich 809 (1972). No such objection was voiced here. Therefore the question becomes whether the trial court's instruction resulted in manifest injustice. When reviewing an instruction to ascertain whether a defendant has been prejudiced, we will review the instruction as a whole rather than in small excerpts. *People v Spaulding, supra.*

The entire portion of the instruction complained of by the defendant states:

"One of the questions for you folks to determine is whether or not under the evidence in this case the defendant was here and presented the check, but—as has been pointed out to you—the real issue for you to determine is whether or not he participated in, aided, counseled and abetted in the commission of this offense."

From the evidence presented and from an examination of the stipulation, the jury was free to find the defendant guilty as either the individual who passed the money order or as aiding and abetting in the offense. Accordingly, we find that the instruction complained of did not unduly prejudice the defendant or result in manifest injustice.

Next defendant contends that there was a lack

of sufficient evidence to support the conviction. Again we must disagree.

In criminal cases we do not sit as a reviewing jury and hear the cases *de novo.* Where evidence was presented at trial which would justify the jury's verdict, that verdict is final. *People v Harper,* 43 Mich App 500, 509; 204 NW2d 262, 268–269 (1972), *leave to appeal denied* 389 Mich 759 (1973). Moreover circumstantial evidence and reasonable inferences drawn therefrom can be sufficient to uphold a conviction. *People v Brown,* 42 Mich App 608; 202 NW2d 493 (1972).

The crime of uttering and publishing consists of offering or passing a forged instrument as genuine, knowing the same to be false, with an intent to injure or defraud. See generally 3 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 503, p 1880.

The following evidence was adduced at trial: it was stipulated the money order was forged; two parties were at the scene of the crime, one waiting in an automobile while the other cashed the money order; the license plates on the vehicle were found to be issued to the defendant; a fingerprint expert testified that he found two of defendant's prints on the money order. We are persuaded that the foregoing evidence, if believed by the jury, was sufficient to connect the defendant with the crime and to find the defendant guilty beyond a reasonable doubt of either passing or aiding and abetting in the passing of a forged instrument as genuine, knowing the same to be false, with an intent to injure or defraud. Therefore we decline to disturb the jury's verdict.

In addition defendant contends that the prosecutor's statement that the state's evidence was "uncontradicted" violated his privilege against self-

incrimination. US Const Am V; Const 1963, art 1, § 17; MCLA 600.2159; MSA 27A.2159.

Our Court has found otherwise and has held that where, as here, no evidence is presented at trial to support the defendant's denial of the offense, it is not error for the prosecutor to state that the evidence is uncontradicted. See for example *People v Jacoboni,* 34 Mich App 84; 190 NW2d 720 (1971), and the cases cited therein.

Finally, defendant raises numerous errors concerning other allegedly prejudicial remarks made by the prosecutor during closing argument. Even though defense counsel failed to preserve these questions for appeal by voicing a timely objection, we have carefully examined the prosecutor's closing argument in conjunction with the trial court's instructions and find no prejudice to the defendant.

Affirmed.

All concurred.