PEOPLE v PUGH

PEOPLE v HOGAN

1. CRIMINAL LAW—EVIDENCE—PRIOR CONSISTENT STATEMENTS—ADMISSIBILITY.

A defendant was not denied a fair trial because the trial court excluded an exculpatory statement that was consistent with his theory of defense which was sought to be elicited from a police officer who was testifying before the defendant took the stand; prior consistent statements are not admissible into evidence where there has not been an impeachment of a defendant's testimony.

2. CRIMINAL LAW—DEFENSES—ENTRAPMENT.

The defense of entrapment is not available to one who denies commission of the offense, and the invocation of such defense necessarily assumes that the act charged was committed; the defense of entrapment and denial of the commission of a crime are mutually exclusive.

Appeals from Genesee, Ollie B. Bivins, Jr., J. Submitted Division 2 April 3, 1973, at Lansing. (Docket Nos. 15068, 15139.) Decided June 28, 1973.

Ronald K. Pugh and Richard L. Hogan were convicted of armed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 324.
[2] 21 Am Jur 2d, Criminal Law §§ 143–145.

*Dennis C. Karas,* for defendant Pugh.

*Roger W. Kittendorf,* for defendant Hogan.

Before: McGregor, P. J., and Quinn and O'Hara,* JJ.

O'Hara, J. These are appeals of right from convictions of armed robbery. MCLA 750.529; MSA 28.797.

As to defendant Pugh we find no basis for a full opinion. He went into an office armed and took some $700 at gunpoint. His only assignment of error is the disallowance of his request for a separate trial. The issue is controlled by *People v Schram,* 378 Mich 145; 142 NW2d 662 (1966). After quoting the applicable statute and discussing prior holdings thereunder that severance is a matter of judicial discretion. Justice Otis Smith speaking for the majority held:

"We would add to this holding that, in the absence of a showing of prejudice to substantial rights of the accused, reversal is not indicated." *People v Schram, supra,* p 156.

We find no showing of any prejudice to defendant Pugh. His conviction is affirmed.

Now as to defendant Hogan two assignments of error are raised.

First he claims he was denied a fair trial because the trial court excluded an exculpatory statement which was consistent with his theory of defense. The statement was sought to be elicited from a police officer who was testifying before

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

defendant Hogan took the stand. The issue has been settled.

"The record discloses that such prior consistent statements were offered before the defendant had testified and before there had been any impeachment of the defendant's testimony. The general rule is that prior consistent statements are not admissible into evidence where there has not been an impeachment of the defendant's testimony." *People v Greene,* 42 Mich App 154, 155; 201 NW2d 664, 665 (1972), *lv den,* 388 Mich 783 (1972).

This claimed error is without merit.

We turn now to the question of merit in his appeal. First we recite the factual background. It was Hogan's contention that he did not in fact participate in the holdup, rather that he was acting as a police agent. It is admitted he had so acted previously. The police claimed this arrangement had been terminated. Hogan says it was not and that he feigned complicity in return for the promise of a "break" in certain other charges pending against him.

Hogan claimed "entrapment" and submitted a request to charge in relation thereto. The trial judge refused to give it but gave an alternative version as to which error is claimed. The reason we cannot pass upon the precise question which defendant has posed is that a fundamental mistake took place when the trial judge accepted defense counsel's premise that defendant had offered the defense of "entrapment".

The testimony in this case by no stretch of definition could be said to raise an entrapment issue. Entrapment as a defense was not known at the common law. It is defined generally as the action of law enforcement officers inducing persons to violate the law when they would not otherwise

have done so. See 21 Am Jur 2d, Criminal Law, § 143, p 211. It is a seamy business at best. It has been used by over-zealous officers who deliberately lead one into the commission of an offense and then arrest him for it. The Federal circuit courts and state jurisdictions are split on the question, where entrapment has been claimed and testimony has been adduced to support it, where the burden of proof lies to establish it. This is where the error claimed by defendant arose in the case at bar. The trial judge charged:

"Defendant Hogan has * * * offered what is known as an affirmative defense of entrapment, and I'll charge you as follows: A person is not guilty of crime when he commits an act or engages in conduct, otherwise criminal, when the idea to commit the crime did not originate in the mind of the defendant but originated in the mind of another and was suggested to the defendant for the purpose of inducing him to commit the crime in order to entrap him and cause his arrest.

* * *

"And, on the burden of proof, the defendant has the burden of proving by a preponderance of the evidence that he was entrapped into the commission of the crime. Preponderance of the evidence means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth."

The whole reference to the entrapment defense was unfortunate. It was not sustained by the testimony relating thereto. The direct testimony of the defendant absolutely precluded it. We quote the trial transcript:

"*Q. [defense counsel]:* Did you intend to—Mr. Hogan, did you intend to participate in the robbery at the Baxter Loan Company?
"*A.* No. I most certainly didn't."

The defense of entrapment is not available to one who denies commission of the offense. *People v Nelson White,* 26 Mich App 35; 181 NW2d 803 (1970). The invocation of such defense necessarily assumes that the act charged was committed, 21 Am Jur 2d, Criminal Law, § 144, p 214. "I was entrapped" and "I didn't do it" are mutually exclusive.

What then of this defendant's basic right to a fair trial? Did the whole charge as given put the real issue clearly before the jury? Again we quote from the charge:

"I charge you that if after having heard all of the proofs in this case regarding the defendant Hogan's activities with the police you find that he was feigning complicity and acting as an informer for the police throughout the period of this robbery, or if the people have not proved beyond a reasonable doubt and by substantial evidence that Richard Hogan was not feigning complicity and acting as an informer for the police throughout the period of this armed robbery, then in either case you must return a verdict in favor of Mr. Hogan of not guilty. The question really concerns the presence or absence of criminal intent, whether Mr. Hogan was a government informer secretly bent upon frustrating this robbery while feigning or pretending to be a robber, or whether he was a willing party to an illegal venture for gain through feigning being an informant to avoid the consequences of his criminal activities with the persons he informed upon.

"In criminal cases, ladies and gentlemen, it is the rule of law that the respondents here start their trial or case with a presumption of innocence in their favor, and this presumption continues throughout the course of the trial, until you have reached the jury room and have arrived at the conclusion that the respondents are guilty beyond a reasonable doubt; that is, that the people, the prosecution has proved each and every element of the offense charged beyond a reasonable doubt. * * * In short, ladies and gentlemen, the people

must prove each and every element required beyond a reasonable doubt."

Whatever the effect of the alleged incorrect charge as to burden of proof may have been, it seems to us the defendant's theory of defense was fully and fairly placed before the jury by the above-quoted excerpt of the charge.

We do not pass upon the question of where the burden of proof rests in a case where the defense of entrapment is relied upon by a defendant and the proofs establish that an issue of fact of true entrapment has been created. Rather we leave it for some future case where the issue is squarely before us and has been fully briefed.

On the record in the case at bar the conviction of Hogan is likewise affirmed.

All concurred.