PEOPLE v DAVIS

OPINION OF THE COURT

1. CRIMINAL LAW—TESTIMONY—POLYGRAPHS—INSTRUCTIONS TO JURY.
   Reference to a polygraph examination, made by a defendant as a non-responsive answer to a question posed by the prosecutor, did not constitute reversible error where the court immediately thereafter instructed the jury to disregard any mention of the polygraph and in its final instructions specifically instructed the jury to disregard any and all references made to the term "polygraph" or "polygraph administration".

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—POLYGRAPHS.
   A trial court's failure to include a reference to the unreliability of polygraph tests in its instructions to the jury to disregard a reference to a polygraph examination was not reversible error where no request was made for such an instruction.

3. DRUGS AND NARCOTICS—HEROIN—PROCURING AGENT—DEFENSE— CRIMINAL LAW.
   A defendant charged with delivery of heroin cannot use the defense that he was only a procuring agent and therefore could not be found guilty as a seller of narcotics where he testified that the police officer did not give him any money and that defendant did not give the officer any drugs and that the transaction was not consummated; one may not assert the defense when the offense is denied.

4. APPEAL AND ERROR—INSTRUCTIONS TO JURY—MISCARRIAGE OF JUSTICE.
   Appellate review of allegedly erroneous jury instructions is pre-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 7] 29 Am Jur 2d, Evidence § 831.
  Physiological or psychological truth and deception tests, 23 ALR2d 1308.
[3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons, § 38.
[4] 5 Am Jur 2d, Appeal and Error §§ 783, 817.
[5] 47 Am Jur 2d, Jury §§ 139, 141.
[6] 21 Am Jur 2d, Criminal Law §§ 533, 572.

cluded absent a showing of miscarriage of justice where defense counsel expressed his satisfaction with the instructions; there was no showing of a miscarriage of justice where, upon examination of the instructions as a whole the Court of Appeals has determined that the defendant was not prejudiced by the instructions.

5. JURIES—JURY PANELS—VOTER LISTS—DISCRIMINATION.

The use of voter registration lists for the selection of jury panels does not, on its face, deny a defendant a jury composed of a valid cross section of the community, and no error is found where a defendant has not presented any evidence of discrimination.

6. CRIMINAL LAW—SENTENCING—STATUTES.

A defendant cannot complain about a former mandatory 20-year sentence provision of a statute where he has received the benefit of the sentencing provisions of a new statute (MCLA 335.112; 335.341[1] [a]).

CONCURRENCE BY O'HARA, J.

7. CRIMINAL LAW—TESTIMONY—POLYGRAPH—INSTRUCTIONS TO JURY.

*A criminal defendant is not entitled to a blanket instruction that the jury should disregard references to polygraph tests because of their unreliability.*

Appeal from Kent, George V. Boucher, J. Submitted Division 3 February 8, 1974, at Grand Rapids. (Docket No. 16577.) Decided May 1, 1974.

Marvin Davis was convicted of delivery of heroin. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Donald A. Johnston, III,* Chief Appellate Attorney, and *David A. Dodge,* Assistant Prosecuting Attorney, for the people.

*Roach, Twohey, Benson & Brady,* for defendant.

Before: R. B. Burns, P. J., and Allen and O'Hara,* JJ.

Allen, J. Defendant was convicted of delivery of heroin, contrary to MCLA 335.152; MSA 18.1122, currently     MCLA     335.341(1)(a);     MSA 18.1070(41)(1)(a). He received a sentence of 3-1/2 to 20 years in prison, and has raised 6 issues on appeal.

We find no merit in defendant's argument that reversible error was committed at trial when reference was made to defendant's taking a polygraph examination and when the trial court denied defendant's subsequent motion for a mistrial. The reference to the polygraph examination was made by defendant as a nonresponsive answer to a question posed by the prosecutor. The trial court, immediately after defendant's answer was given, instructed the jury to disregard any mention of the polygraph and in its final instructions specifically instructed the jury to disregard "any and all references made to the term 'polygraph' or 'polygraph administration' ". No grounds for mistrial were present, and we find no reversible error. *People v Tyrer,* 19 Mich App 48, 51; 172 NW2d 53 (1969), *appeal dismissed,* 385 Mich 484 (1971); *People v Paffhousen* 20 Mich App 346, 351; 174 NW2d 69 (1969), *leave to appeal denied,* 383 Mich 825 (1970). Defense counsel contends that the jury instruction was insufficient since it should have included reference to the unreliability of polygraph tests. A proper jury instruction should include admonition to disregard a reference to a polygraph test because of its unreliability, but absent a request for such an instruction, the trial court's failure to so instruct is not reversible error.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*People v Baker,* 7 Mich App 471, 476; 152 NW2d 43 (1967), *leave to appeal denied,* 380 Mich 766 (1968), *cert den,* 393 US 953; 89 S Ct 382; 21 L Ed 2d 365 (1968).

Defendant argues that he was a procuring agent and therefore could not be found guilty as a seller of narcotics. While *People v Boone,* 31 Mich App 193, 195; 187 NW2d 569 (1971), rejected this defense, *People v Turner,* 38 Mich App 479, 487; 196 NW2d 799 (1972), *reversed on other grounds,* 390 Mich 7; 210 NW2d 336 (1973), recognized the validity of the "procuring agent" defense. One may not assert the defense of entrapment when the offense is denied. *People v Hogan,* 48 Mich App 242, 246; 210 NW2d 376 (1973). See, also, *People v Bersine,* 48 Mich App 295, 299; 210 NW2d 501 (1973), and cases cited therein. Defendant testified that the police officer did not give him any money and that defendant did not give the officer any drugs. Defendant testified that after a short discussion as to a possible narcotics transaction, said transaction was not consummated. Therefore, the procuring agent defense was not available to defendant.

Defendant argues that the trial court's instructions to the jury were confusing, that the elements of the offense were not properly defined, and that the trial court erroneously implied that defendant could be guilty of aiding and abetting the offense at issue despite the fact that the court had recognized the procuring agent defense. However, defense counsel expressed his satisfaction with the jury instructions. Absent a showing of a miscarriage of justice, appellate review of allegedly erroneous jury instructions is precluded. GCR 1963 516.2. *People v George Jones,* 48 Mich App 102, 104–105; 210 NW2d 145 (1973). Examining the

jury instructions as a whole, rather than in excerpts, this Court has determined that defendant was not prejudiced by the court's instructions. *People v Peace,* 48 Mich App 79, 85; 210 NW2d 116 (1973).

Relying upon *People v Hernandez,* 15 Mich App 141; 170 NW2d 851 (1968), defendant argues that the 120-day delay between the date of the offense and defendant's arrest unduly prejudiced his ability to prepare an adequate defense. The record discloses that the delay was not purposeful, nor was defendant prejudiced thereby. *People v Johnson,* 41 Mich App 34, 41–44; 199 NW2d 561 (1972).

Defendant argues that MCLA 600.1306(1)(a); MSA 27A.1306(1)(a), which provides for the use of voter registration lists for the selection of jury panels, is illogical and does not serve any useful purpose. Defendant has not presented this Court with any evidence of discrimination, and the use of voter registration lists does not, on its face, deny a defendant " * * * a jury composed of a valid cross section of the community". *People v Stockard,* 48 Mich App 680, 685; 211 NW2d 62 (1973).

Contrary to defendant's argument, *People v Lorentzen,* 387 Mich 167; 194 NW2d 827 (1972), did not render MCLA 335.152; MSA 18.1122 unconstitutional. *People v Bersine,* 48 Mich App 295, 303; 210 NW2d 501 (1973). Relying upon MCLA 335.361(1); MSA 18.1070(61)(1), the sentencing court imposed a sentence of 3-1/2 to 20 years in prison upon defendant. Having received the benefits of MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a), defendant cannot complain about the former 20-year mandatory sentence provision of MCLA 335.152; MSA 18.1122.

Affirmed.

R. B. BURNS, P. J., concurred.

O'HARA, J. *(concurring in result).* I concur in the
result reached by Judge ALLEN in the instant case.

I must, however, register my vigorous disagree-
ment with the statement that "[a] proper jury
instruction should include [an] admonition to dis-
regard a reference to a polygraph test because of
its *unreliability".* (Emphasis supplied.)

Undoubtedly, such testimony or the results of a
polygraph test are inadmissible under the well-
established Michigan rule. But I do not construe
this to mean that the involved instrument is with-
out useful application in the criminal justice field.

My reason for writing separately is that at the
prearrest or preindictment level both police and
prosecutors sometimes utilize the device in deter-
mining whether or not to initiate criminal pro-
ceedings. In other instances suspects ask to take
the test in support of their claims of innocence. I
feel that this instruction is almost a complete
judicial repudiation of the instrument for any
purpose. I am not prepared to go that far. See
*People v Davis,* 343 Mich 348, 371; 72 NW2d 269,
282 (1955), wherein the Michigan Supreme Court
recognized the "proven value" of the polygraph
with respect to the fields of criminal investigation
and interrogation. That decision was made almost
20 years ago. During the intervening years both
the use of and the reliability of the so-called lie
detector have gained measurable stature.

For the reasons stated I would hold a criminal
defendant has no entitlement to blanket instruc-
tion that the jury should disregard references to
polygraph tests because of their unreliability.