PEOPLE v MADDEN

1. WITNESSES—CROSS-EXAMINATION—SCOPE—JUDICIAL DISCRETION—
   STATUTES.

   A trial court properly limited a defendant's cross-examination of
   a prosecution witness where the witness had confessed to the
   commission of the crime with the defendant, and upon cross-
   examination the defense attorney interrogated him about prior
   arraignments and arrests, about a plea agreement which had
   been made in an unrelated offense, and other matters which
   the judge deemed inadmissible; the trial judge was performing
   his duty to control the receipt of evidence at trial (MCLA
   768.29).

2. WITNESSES—CROSS-EXAMINATION—SCOPE—JUDICIAL DISCRETION.

   The permissible scope of cross-examination is in the sound discre-
   tion of the trial judge and is not to be disturbed unless a clear
   abuse of that discretion is shown, and there was no such clear
   abuse shown where a defendant was not foreclosed from show-
   ing bias or interest on the part of a prosecution witness, but
   was merely precluded from going into the details of confessions
   the witness had made to other crimes.

Appeal from Calhoun, Creighton R. Coleman, J.
Submitted Division 3 March 7, 1974, at Grand
Rapids. (Docket No. 16249.) Decided September 10,
1974.

Daniel Madden was convicted of breaking and
entering with intent to commit larceny. Defendant
appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Stanley Everett,*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Witnesses § 620 *et seq.*

Prosecuting Attorney, and *Noel G. Peterson,* Chief
Assistant Prosecuting Attorney, for the people.

*Wilcox, Robinson, Dandenault & Magnotta,* for
defendant on appeal.

Before: T. M. BURNS, P. J., and V. J. BRENNAN
and BASHARA, JJ.

V. J. BRENNAN, J. Defendant was convicted by a
jury of breaking and entering with intent to com-
mit larceny contrary to MCLA 750.110; MSA
28.305. He was sentenced to 2 years probation
with 60 days to be served in the county jail. He
appeals raising four issues of error for this Court's
review.

The first allegation charges error by the trial
court in limiting the cross-examination of the
prosecution's chief witness, Carl Ebert. Ebert testi-
fied on direct examination that he and defendant
had committed the crime charged. He also testified
that he had decided to make a new life for himself
and had confessed to the police of having commit-
ted crimes in the past. Although he had recently
pled guilty to an unrelated breaking and entering
charge, he had not been sentenced. On cross-exam-
ination by defense counsel, Ebert acknowledged
conviction of crimes in both California and Mis-
souri for which he was on parole at the time of
arrest for the instant crime.

During this cross-examination the trial court, on
two separate occasions *sua sponte* admonished
defense counsel for interrogating Ebert about ar-
raignments and arrests. Subsequent to these warn-
ings, a few questions were asked of the witness
about his confession in the instant crime which
prompted the trial judge to order a recess. The
apparent purpose was to discuss the use of wit-

ness's confession in the absence of the jury. In response to the objection of the court and prosecutor to use of the confessions for impeachment, defense counsel stated his intention in questioning the witness:

"It will be time and place of confession, whether he was offered any promises, if any promises were made concerning confessions, and what he remembers about giving the confession, what he said about the incident that took place."

After examining the transcript in the case at bar, we are convinced that this defendant was given a full opportunity on cross-examination to explore any promises of leniency, immunity or other agreements regarding the testimony of Carl Ebert and that the trial judge properly performed the duty imposed upon him by MCLA 768.29; MSA 28.1052 when he limited defendant's wide-ranging cross-examination of the main prosecution witness.

Prior to the ruling of the trial judge, defendant's counsel forcefully cross-examined this witness and fully brought to the attention of the jury, perhaps even more so than would otherwise be permissible, the character of this witness. During this part of the cross-examination the witness admitted, upon questioning by defendant's attorney, that he participated in the crime charged against defendant, that he was dishonorably discharged from the navy, that he was arraigned in California for breaking and entering an automobile and placed on probation, that he was convicted of possessing narcotics in Missouri and on parole from that offense when, in July of 1971, he was arrested in Calhoun County, that he made a confession to the police about his participation in this offense and that he was presently out on bond.

After the ruling was made, defense counsel questioned the witness regarding promises of leniency with respect to this confession and also went into the witness's plea the day earlier to an unrelated offense. In his questioning about the plea, defendant's attorney brought out the facts that the plea was the result of a plea agreement, that other outstanding charges against the witness were dropped and that the witness had never been convicted for his participation in this crime, a crime to which he had confessed.

In this case, by the ruling made, the trial judge was performing his duty to control the receipt of evidence at trial. MCLA 768.29; MSA 28.1052. He was faced with an attorney who, despite being twice admonished, persisted in questioning the witness about matters which the trial judge deemed inadmissible. By his ruling he precluded defendant's attorney from going into arrests of the witness but did allow him to question the witness about his confession to this particular offense.

The permissible scope of cross-examination during a trial is vested in the sound discretion of the trial judge and is not to be disturbed unless a clear abuse of that discretion is shown. *People v Taylor,* 386 Mich 204; 191 NW2d 310 (1971); *People v Glover,* 47 Mich App 454; 209 NW2d 533 (1973); *People v Osgood,* 24 Mich App 705; 180 NW2d 640 (1970). We find no such clear abuse in this case. Indeed, we would affirm this case on the authority of *People v Glover, supra.* Here, as in *Glover,* defendant was not forclosed from showing bias or interest on the part of the witness. He was merely precluded from going into the details of other confessions the witness made. The details of such confessions, like the reasons for non-waiver in *Glover,* were obviously extraneous to the issue of

the witness's bias or interest. The jury was made well aware of the witness's background and, more importantly, the fact that other charges were dropped in return of his plea to an unrelated offense. Under these circumstances we find no error.

We find the remaining allegations of error to be without merit.

Affirmed.

All concurred.