**STATE of Maine**

v.

**Robert MOWER.**

Supreme Judicial Court of Maine.

Feb. 4, 1974.

---

Donald H. Marden, County Atty., Augusta, for plaintiff.

Daviau & Daviau by Robert J. Daviau, Waterville, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

POMEROY, Justice.

This appeal is the vehicle by which we are again asked to review the position which we have previously taken [1] concerning the admissibility of the results of lie detector tests or evidence that a witness or a defendant was willing or unwilling to submit to such test.

This appellant was convicted of the crime of breaking and entering with intent to commit larceny, after trial by a jury in Kennebec County. The appellant was thereafter sentenced to serve a term of not less than 1½ nor more than 3 years in the Maine State Prison.

This appeal was then taken appropriately as to time and form.

In his brief and at oral argument the appellant urges us to decide the appeal by agreeing with his contention that:

"It was error for the trial Justice to refuse to grant defendant's motion to obtain a polygraph test, and it was prejudicial error to deny defense counsel the opportunity to obtain testimony from the defendant as to his willingness to take a polygraph test."

A second point briefed by appellant, respecting imposition of sentence, was formally waived in oral argument.

The record reveals that prior to the commencement of the trial before the jury the appellant moved that the Court "order a polygraph test be taken."

At that time the appellant indicated a willingness "to sign a stipulation before the taking of the test, that the results of the test may go into evidence whether he passes or fails."

The Court refused to order the polygraph be administered and refused to allow any evidence to be received that the appellant had stated a willingness to submit to such polygraph test.

This the appellant argues constituted reversible error.

We disagree.

In Mottram, supra (footnote 1), it was made abundantly clear that the result of a lie detector test was not to be received in evidence in any case because polygraph lie detectors just had not been developed to the point where the result of the test could be considered competent evidence of anything.

The Court was satisfied after citing and reviewing a large number of cases and material of interest on the lie detector that polygraph tests are "valuable tools in the investigation of crime, for example, in developing leads." Such tests have not "reached the stage of scientific development and accuracy that permits admission of the result in evidence." 158 Me. 325, 329, 184 A.2d 225, 228.

Nothing has been called to our attention which would cause us to conclude that since the date of Mottram (1962) there have been scientific developments which should cause us to take a position different from that taken in Mottram.

As was pointed out in Mottram, since polygraph tests are so unreliable and not useable as evidence in a trial, evidence that one has refused to submit to such test or has indicated a willingness to take such test cannot be considered as having a bearing on the question of consciousness of guilt.

The presiding Justice, therefore, acted very properly in rejecting the motion that polygraph tests be ordered and rejecting the proffered evidence that appellant had indicated a willingness to submit to such tests.

The entry must be,

Appeal denied.

All Justices concurring.

1. State v. Casale, 150 Me. 310, 110 A.2d 588 (1954); State v. Mottram, 158 Me. 325, 184 A. 2d 225 (1962).