**STATE of Maine**

v.

**Merritt WILCOX.**

Supreme Judicial Court of Maine.

July 11, 1978.

---

John Welch, Dist. Atty., Paul T. Pierson, Asst. Dist. Atty. (orally), Caribou, for plaintiff.

David J. Edgar, Houlton (orally), for defendant.

Before WERNICK, ARCHIBALD, DELAHANTY and NICHOLS, JJ., and DUFRESNE, A. R. J.

NICHOLS, Justice.

The Defendant, Merritt Wilcox, was tried by jury in Superior Court in Aroostook County on separate indictments charging attempted arson (17-A M.R.S.A. § 802 and § 152) and criminal use of explosives (17-A M.R.S.A. § 1001). He appeals from the judgments of conviction entered on the verdicts of guilty on each charge. He argues that the evidence was legally insufficient to support a finding that he possessed the mental state necessary to commit each offense, and that the court below erred in refusing to grant his motion for a mistrial after the chief prosecution witness mentioned a "polygraph" during her cross-examination.

We deny the appeal.

On September 24, 1976, Debra Wilcox visited her estranged husband, the Defendant Wilcox, in his apartment in Caribou. Kenneth Powers was present when she arrived. On the table, there were brown paper and several long sticks which the Defendant told her was dynamite. The Defendant also said that the dynamite was no good because it was wet; he opened one of the sticks and lit it. The stick just "fizzed."

Subsequently, the trio went for a ride in Powers' truck. The Defendant brought the dynamite, or at least some of it, with him. At his request, he was let off in the vicinity of Caribou High School and, by pre-arrangement, was picked up in the same area some time later. He appeared to be excit-

ed. After the three returned to the Defendant's apartment, the Defendant told the others that he had kicked in the window of the principal's office at the high school and had thrown the dynamite inside. According to the testimony of Mrs. Wilcox, the Defendant said that "he didn't light it."

Later that night, the dynamite, wrapped with tape in brown paper with a single blasting cap and a safety fuse, was discovered on the inside window ledge in the principal's office at Caribou High School. The window had been broken. There was a small burn hole in the wrapping adjacent to the blasting cap. Five paper matches, four of which showed signs of having burned, were found under the broken window approximately four feet from the wall.

Robert McMahan, a State Fire Inspector, had been called to the scene; at trial, he qualified as an expert in explosives and testified that, in his opinion, the dynamite was good and would have detonated had it been properly ignited by the blasting cap. Because of fears about deterioration and resultant instability, the dynamite was destroyed without attempting to actually detonate it.

The Defendant argues that the court below erred in denying his motion for judgment of acquittal on each charge,[1] made pursuant to M.R.Cr.P. 29(a), at the close of all the evidence. Specifically, he claims that evidence was legally insufficient to support a finding that he acted with the requisite mental state.

1. 17–A. M.R.S.A. §§ 152, 802, and 1001 provide in pertinent part as follows:
 § 152. ATTEMPT
 1. A person is guilty of criminal attempt if, acting with the kind of culpability required for the commission of the crime, and with the intent to complete the commission of the crime, he engages in conduct which, in fact, constitutes a substantial step toward its commission. A substantial step is any conduct which goes beyond mere preparation and is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime.
     *     *     *     *     *     *
 § 802. ARSON
 1. A person is guilty of arson if he starts, causes, or maintains a fire or explosion;

In deciding whether a judgment of acquittal should be entered on a defendant's motion pursuant to Rule 29(a), M.R.Cr.P., the trial justice must approach the evidence from a standpoint most favorable to the State, assume the truth of the evidence offered by the prosecution and determine from his review of the evidence in its totality whether there was relevant evidence from which the jury could have properly concluded that the accused was guilty beyond a reasonable doubt. *State v. Blier*, Me., 371 A.2d 1091, 1092 (1977).

There was ample testimony from which the jury could infer the required intent on the part of the Defendant. Specifically, at the time he conducted the "fizzle test," he simply lit the dynamite. However, the evidence indicated that the dynamite later found inside Caribou High School contained a fuse, blasting cap, a burn mark and four burned paper match sticks nearby. In view of this testimony, the jury would have been warranted in finding the Defendant's actions were strongly corroborative of his intent to start a fire or to cause an explosion at Caribou High School.[2]

The Defendant also argues that the presiding justice erred in denying the Defendant's motion for a mistrial. His argument is based upon Debra Wilcox's response, on cross-examination by defense counsel, that she ". . . did some kind of polygraph." There was no mention whatsoever of the result of the test. The presiding justice properly instructed the jury to disregard the statement.

A. On the property of another with the intent to damage or destroy property thereon . . .

    *     *     *     *     *     *
 § 1001. CRIMINAL USE OF EXPLOSIVES
 1. A person is guilty of criminal use of explosives if he intentionally or knowingly:
 A. Without right, throws or places explosives into, against or upon any real or personal property . . . .
     *     *     *     *     *     *

2. We do not imply in this opinion that intent to start a fire or to cause an explosion is an element of the crime of illegal use of explosives.

While our Court has denied admission into evidence of results of lie detector tests, *State v. Mower*, Me., 314 A.2d 840, 841 (1974), we have not gone so far as to hold that a defendant is entitled to a new trial merely because a witness for the State refers to the fact that he had taken such a test. *State v. Gagne*, Me., 362 A.2d 166, 170–171 (1976). *See also State v. Gagne*, Me., 343 A.2d 186, 190–192 (1975).

 We find no abuse of discretion by the presiding justice in denying the motion for a mistrial. *State v. Bazinet*, Me., 372 A.2d 1036, 1040 (1977).

The entry must be:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., and POMEROY and GODFREY, JJ., did not sit.