# DONALD JOHN KELLEY v. STATE OF MARYLAND

[No. 65, September Term, 1979.]

*Decided August 27, 1980.*

The cause was argued before SMITH, DIGGES, ELDRIDGE, COLE and DAVIDSON, JJ.

*Patricia A. Logan, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Kathleen M. Sweeney, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

COLE, J., delivered the opinion of the Court.

We shall in this case decide whether the trial court erred in admitting the opinion testimony of a witness regarding the character for veracity of another witness.

Donald Kelley, a Belair police officer, was convicted by a jury in the Circuit Court for Harford County of receiving goods stolen from a Belair jewelry store. Prior to his arrest Kelley had in his possession a diamond ring, a diamond necklace and wrist watch similar to those allegedly stolen from the jewelry store. The essential question at trial was whether the items in his possession were the same as those stolen or whether, as he and his witnesses testified the diamond jewelry had been purchased by him while overseas and the wrist watch had been a Christmas gift from his father.

Among the witnesses whom Kelley called was fellow police officer, John Marck, who testified that he had seen the items in Kelley's possession prior to the alleged theft. In rebuttal the State called Trooper Dennis Hynen to present evidence to impeach Marck's character for veracity.

Hynen had conducted a polygraph examination on Marck as well as pre and post test interviews. When Hynen was called to testify defense counsel requested a bench conference so that the State could proffer what Hynen's testimony would be. The prosecutor indicated that he intended to rebut Marck's testimony as to having been called a liar when given a polygraph examination and intended

further to introduce character testimony as to Marck. Defense counsel objected to the introduction of the results of any testing and to any character testimony by Hynen as to Marck. The prosecutor responded that he did not intend to introduce the results of the polygraph examination and that Hynen's testimony would be based on discrepancies made by Marck during pre-test and post-test interviews.

Part of the colloquy at the bench conference was as follows:

> THE COURT: But he is not going to use the results as the basis of his opinion?
> MR. COBB: Not solely. Now, if you want to exclude, you know, the deception shown on the polygraph we. can do that and he can still make the conclusions independent of that. But it's all pretty much intertwined, really . . . .

At the conclusion of the bench conference, the trial court overruled defense counsel's objection and permitted Hynen to give his opinion. Hynen testified that statements made by Marck during the post test interview were inconsistent with and directly opposite to those which he made during the pre test interview. The record indicates that Hynen was then allowed to give his opinion:

> Q: Now, on the basis of those two hours and five minutes and what you talked to him about at that time on that day, were you able to form an opinion as to Officer John Marck's character for truth and veracity concerning this investigation?
>
> A: Yes, sir.
>
> Q: And what is your opinion as to his character for truth and veracity?
>
> A: It was my opinion that Officer Marck was lying about his statements that he made regarding this investigation.

Kelley's conviction was affirmed by the Court of Special Appeals in an unreported opinion, *Donald John Kelley v.*

*State of Maryland,* No. 849, September Term, 1978, filed April 18, 1979. We granted certiorari. The only issue we shall consider is whether the trial court erred in admitting the opinion testimony of Trooper Hynen as to the character for veracity of the witness Officer Marck.[1]

Appellant makes three major contentions on appeal. First, he maintains that the opinion testimony of Trooper Hynen was improperly admitted because it implicitly conveyed to the jury the results of the polygraph exam. Second, appellant maintains that Trooper Hynen did not, as a result of his brief and limited encounter with Marck, have an adequate basis to form an opinion as to Marck's character for veracity and truthfulness, and to the extent that his opinion was based upon the polygraph results, it may have been erroneously formed. Finally, appellant asserts that the so-called opinion as to character was actually not such an opinion at all, but was rather an opinion as to Marck's specific veracity in the instant case and is not the kind of opinion testimony envisioned by the statute.

The starting point for our analysis is Maryland Code (1974, 1979 Cum. Supp.), § 9-115 of the Courts and Judicial Proceedings Article. This section permits a witness to express a personal opinion regarding the general character for truthfulness of another witness provided that the personal opinion is relevant and has an adequate basis. The full text of the statute provides:

> Where character evidence is otherwise relevant to the proceeding, no person offered as a character witness who has an adequate basis for forming an opinion as to another person's character shall hereafter be excluded from giving evidence based on personal opinion to prove character, either in person or by deposition, in any suit, action or proceeding, civil or criminal, in any court or before any judge, or jury of the State.

---

1. A second issue was briefed and argued by the parties. It concerned whether the Court of Special Appeals erred in holding that the correctness of the trial court's admission of Officer Hynen's opinion testimony was not an issue raised and decided by the trial court. However, we have determined that certiorari on this issue was improvidently granted.

The legislature's purpose in enacting this statute was to abrogate the common law rule which limited a character witness' testimony to the defendant's reputation among others. *Durkin v. State,* 284 Md. 445, 397 A.2d 600 (1979). The statute permits the admission of a broad range of testimony which may aid the jury in assessing the credibility of a witness; however, such testimony must not be used as a subterfuge to indirectly convey evidence which is otherwise inadmissible.

This Court has never squarely addressed the issue of the admissibility of the results of polygraph examinations. However, in *Reed v. State,* 283 Md. 374, 380, 391 A.2d 364 (1978) we did state that before expert testimony based upon the application of a particular scientific technique will be admitted, the reliability of that particular scientific technique must be established. We noted in *Reed* at 385 n. 8 the serious problems associated with polygraph tests; we observed in *Lusby v. State,* 217 Md. 191, 194-95, 141 A.2d 893 (1958) that such evidence was almost universally excluded in the trial of cases. We conclude, therefore, that, until such time as the reliability of this particular type of scientific testing has been appropriately established to the satisfaction of this Court, testimony which directly or indirectly conveys the results of such tests should not be admitted. To hold otherwise would permit the use against the defendant of the results of such scientific testing prior to a scientific judgment, acceptable to us, as to the reliability of the test itself.

In the instant case the testimony of Trooper Hynen should not have been admitted because it created a substantial likelihood that the jury would draw an inference that Marck had failed the test. The atmosphere surrounding Hynen's testimony was fraught with this implication. First the State elicited from Marck that he initially refused to take the test and later agreed to do so after realizing that his refusal might mean dismissal from the police force. Hynen further testified that he performed pre and post polygraph interviews with the witness and conducted the polygraph examination itself. The jury was not advised as to what

questions were put to Marck during the pre and post test interviews nor what answers were given. The jury was not advised whether those questions and answers were different from those put to Marck during the test itself. The jury was forced to speculate as to what transpired during this period and to rely upon Hynen's conclusion as to the significance of what occurred.

The State asked Hynen to give an opinion regarding Marck's character for truth and veracity concerning the investigation based upon the two hours and five minutes he spent with the witness. Hynen responded:

> It was my opinion that Officer Marck was lying about his statements that he made regarding this investigation.

Based upon this testimony, it seems to us highly improbable that the jury would draw any inference other than that Marck had failed the polygraph examination. Therefore, because the opinion expressed by Hynen implicitly conveyed evidence of a nature which this Court has never held to be competent and which was inherently prejudicial, the trial court's admission of that testimony was an abuse of discretion.

We also conclude that because the basis for Hynen's opinion was so inextricably intertwined with the results of the polygraph test it was inadmissible for lack of an adequate basis. We said in *Durkin v. State, supra,* that § 9-115 requires that the character witness demonstrate to the trial court that his testimony is not only relevant but has an adequate basis before it is admitted into evidence. While the trial court ruled that the actual result of the polygraph examination was inadmissible, it failed to ascertain whether the pre and post interviews were sufficiently separate and independent of the polygraph test so as not to prejudice the witness. It is unclear from the record how much of the 2 hours and 5 minutes devoted to the pre and post test interviews or the polygraph test itself. However, the trial court was put on notice that the State regarded the polygraph test to be substantially inseparable from the pre and post test interviews when the

prosecutor said "But it's all pretty much intertwined . . . ." Since the character testimony was based, at least in part, on the polygraph test, we conclude that its basis was inadequate and it was an abuse of the trial court's discretion to admit it.

Kelly advances still another reason for claiming that the trial court abused its discretion. He contends Hynen's testimony was not an opinion as to the witness's character for truthfulness at all. Rather, he says, it was an opinion as to the witness's veracity regarding the specific facts of the instant case. However, in light of our holding that the trial court abused its discretion on other grounds, we deem it unnecessary to address this contention.

> *Judgment of the Court of Special Appeals reversed and case remanded to that court for reversal of the judgment of the Circuit Court for Harford County and remand to that court for a new trial; costs to be paid by Harford County.*