[No. 46754.   En Banc.   October 9, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. SCOTT G. SUTHERLAND, *Petitioner.*

*John Henry Browne,* for petitioner.

*Robert E. Schillberg, Prosecuting Attorney,* and *James B. Roche, Deputy,* for respondent.

WRIGHT, J.—This is an appeal from a first degree murder conviction. A discussion of the facts will be omitted because they are fully set out in the Court of Appeals opinion, *State v. Sutherland*, 24 Wn. App. 719, 604 P.2d 957 (1979), and because they are not relevant to the subject matter of this appeal.

Review was initially granted upon two issues; first, the reference to a polygraph test during the testimony of a witness and, second, the alleged failure of the prosecution to make available to the defense some purportedly relevant information. We find it necessary to order a new trial upon the first issue. There will be no discussion of the second issue. It is moot because the defense now has all the information.

In discussing the polygraph issue, we want to make it clear that nothing said herein is intended to discredit the polygraph as a tool in police investigations. We are concerned, instead, with its use in trial.

In this case, Brian Gjerde was the State's principal witness. He initially had been the prime suspect. The chief investigating officer was Ben Duncan, supervisory detective. When he was testifying during cross–examination, the defense questioned the quality of his investigative work and implied that he had not sufficiently investigated Gjerde. Thereafter, on redirect examination, Officer Duncan was asked some questions about his investigation. Over repeated defense objections he was permitted to testify as follows:

Q Did you take any further investigative steps with respect to Brian Gjerde?
A We followed the same steps that we followed with these other people, plus one other step.
Q What was that?
A I asked that Mr. Gjerde be administered two lie detector examinations.
Q All right. Was that done?
   MR. PATTERSON: I would object to any further questions. This was the offer of proof. I'd object to any further questions being placed to this officer.

THE COURT: Objection is overruled.

Q (Mr. Furman) Could you answer yes or no; was this done?

A This was done.

MR. FURMAN: No further questions.

Petitioner's objection to that series of questions and answers was properly preserved throughout the proceeding.

■ It is a long–standing rule in Washington that the results of polygraph examinations are not admissible, except by stipulation. This rule is supported by substantial authority, including, but not limited to, *State v. Descoteaux,* 94 Wn.2d 31, 614 P.2d 179 (1980); *State v. Young,* 89 Wn.2d 613, 621, 574 P.2d 1171, *cert. denied,* 439 U.S. 870, 58 L. Ed. 2d 182, 99 S. Ct. 200 (1978); *State v. Young,* 87 Wn.2d 129, 131, 550 P.2d 1 (1976); *State v. Woo,* 84 Wn.2d 472, 473, 527 P.2d 271 (1974). The reasons for the rule are well stated in those cases. The focus of this case, however, is upon whether this rule was violated by the questions and answers quoted above.

The defense, in cross–examination or otherwise, had in no way mentioned a polygraph examination. Likewise, the defense had not sought to illicit any inadmissible evidence, but merely had asked Officer Duncan if he had conducted an adequate investigation, and specifically asked him if he had fingerprinted and photographed Gjerde. Therefore, the rule of "opening the door" relied on by the trial court and Court of Appeals is not applicable. For a discussion of the opening the door doctrine, *see Bertrang v. State,* 50 Wis. 2d 702, 184 N.W.2d 867 (1971) and 1 J. Wigmore, *Evidence* § 15 (3d ed. 1940).

In *State v. Descoteaux, supra,* we stated at pages 38–39:

The mere fact a jury is apprised of a lie detector test is not necessarily prejudicial if no inference as to the result is raised or if an inference raised as to the result is not prejudicial. *See Dean v. State,* 325 So. 2d 14 (Fla. Dist. Ct. App. 1975), *cert. denied,* 333 So. 2d 465 (1976); *Sullivan v. State,* 303 So. 2d 632 (Fla. 1974), *cert. denied,* 428 U.S. 911, 49 L. Ed. 2d 1220, 96 S. Ct. 3226 (1976). However, "such evidence is liable to be prejudicial and

should be admitted only when clearly relevant and unmistakably nonprejudicial.'" *Dean v. State, supra* at 18, quoting *Johnson v. State,* 166 So. 2d 798, 805 (Fla. Dist. Ct. App. 1964).

Here, the questions and answers, by strong implication, gave the jury the results of the polygraph examinations. In this connection it should be remembered that Gjerde was the initial prime suspect and that suspicion was diverted away from him and centered upon defendant. This occurred after Gjerde had taken two polygraph examinations. The obvious inference is that Gjerde passed the polygraph examinations, thereby satisfying the police investigators that he was not the guilty party. This inference strongly fortified his testimony against petitioner and gave the jury the results of the polygraph examinations almost as clearly as if they had been testified to directly. This prejudicial inference made the mere mention of the polygraph tests impermissible.

A case involving a similar fact pattern is *Williams v. State,* 268 Ind. 365, 375 N.E.2d 226 (1978). There the court specifically rejected the argument that no error was committed because only the fact of the examination—and not examination results—was given to the jury. The court said at pages 367–68:

> The State's position is entirely inconsistent with the reasons for the exclusion of polygraph tests. When, as in the case at bar, the State seeks to establish that a witness has taken a polygraph examination in relation to testimony given at trial, there is a high probability that the jury will conclude that the witness is telling the truth and that the accused merely seeks to suppress that truth. This result, which the State was admittedly seeking in this case, is extremely prejudicial to the accused, especially as in the case at bar when the testimony is essential to link the accused to the crime charged.

The court further said at page 368:

> Once the jury realized that the witness had taken the examination it was likely to conclude that he was telling the truth.

In the instant case, the prime suspect suddenly became the State's star witness after taking the polygraph examinations. The jury could scarcely conclude other than that Gjerde was telling the truth and that the police investigators believed him. Thus, the mention of the polygraph tests was manifestly prejudicial. The error was compounded by the prosecution's reference to the polygraph tests during its closing argument.

The decisions of the trial court and the Court of Appeals are reversed and the case is remanded for a new trial in which the discussion of any polygraph examination will be omitted.

UTTER, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.

Reconsideration denied December 10, 1980.